PROUD (CRISP v.).   See Case No. 3,392.

## Case No. 11,445.

PROUT et al. v. GIBSON.

[1 Cranch, C. C. 389.] [1]

Circuit Court, District of Columbia.   Dec. Term, 1806.

VENDOR AND PURCHASER — JUDGMENT FOR PURCHASE MONEY—INJUNCTION—TITLE FROM INFANT HEIRS.

An injunction to a judgment at law for the purchase-money of land, on the ground of the

[1] [Reported by Hon. William Cranch, Chief Judge.]

difficulty of obtaining a title from the infant heirs of the vendor, cannot be supported if the purchaser neglected to pay the money in the lifetime of the vendor, and to demand a conveyance from him, and if the heirs are not made parties to the bill.

Motion by F. S. Key, for defendant [Gibson, administrator of Abraham. Young], to dissolve an injunction which had been obtained to stay two judgments at law, for £1,000 each, to be released on payment of £500 with interest at 3 per cent. from January 1, 1792, and costs, and it was agreed that all payments made to appear to James D. Barry, within two months, should be allowed. The bonds on which the judgments were rendered were given for the purchase of one hundred and eight and a half acres of land in the city of Washington, purchased by the plaintiffs of A. Young. The bill states that they have paid the whole purchase-money, excepting a sum not exceeding three hundred dollars, and always have been ready and willing to pay whatever upon settlement should appear to be due, upon receiving sufficient and legal conveyances of the property. That Young died intestate, leaving several infant children his heirs at law. That the plaintiffs [Prout & King] have never received any valid and legal conveyance of the land; and that the infancy of the children renders them unable to convey. The answer of Gibson, admits the contract for the sale of the land by Young, and that two of the four bonds have been paid and delivered up. It states that the two last, upon which he has obtained judgments are yet unsatisfied, and that no part thereof has been paid, except what is credited on the back of the said bonds, and except the sum of £50, which he is informed was paid by Prout, in goods to the widow during her administration of Young's estate. That the complainants' allegation of payment of all except three hundred dollars is false. That complainants did not attempt to avail themselves of any such payments, or exhibit any testimony in support thereof, when the judgments were obtained, although they attempted to avail themselves of the plea of limitations. That he knows of no claims which they are entitled to · set off against the bonds. That Young lived a year after the last bond became due, and was always ready and willing to convey upon payment of the whole purchase-money; but he was never required to convey, and though he repeatedly demanded the money due, they never pretended that the want of a deed was the reason for not paying. That Young died intestate and that a considerable estate, unembarrassed by debts, descended to his issue. That no difficulty can exist in the complainants' obtaining a deed by filing a bill against the heirs in this court, which measure was long ago proposed to complainants, who agreed to prosecute the same, and seemed satisfied it would be effectual.

CRANCH, Chief Judge. Two grounds of equity are relied upon by the bill: 1st. That the complainants have paid the whole amount of the bonds except a sum not exceeding three hundred dollars. But it does not state how, nor when, the money was paid, nor why they did not avail themselves of those payments at law; nor why they did not prove those payments to J. D. Barry, who was by consent to have ascertained what payments had been made, and the plaintiff at law had bound himself on record to allow them if shown at any time within two months after the rendition of the judgment, and the plaintiff had agreed to stay execution for that purpose until that period had elapsed. The bill contains no attempt to account for that negligence; nor does it state any payments or offsets, of which the complainants might not have availed themselves at law. The allegation of payment therefore shows no ground of equity. 2d. The second ground of relief relied on by the bill, is, that the legal estate in the land purchased, has descended to infants who are incapable of making a valid conveyance. This is no reason why the money should not finally be paid to the administrator, but it might have been a reason for a temporary injunction, provided the complainants had at the same time made the heirs parties to the bill and had proceeded against them to obtain a conveyance. It is owing to the default of the complainants in not paying the money in the lifetime of Young, that they have not long ago received the title; and to give them further time, on account of the delay necessary to obtain a decree for a conveyance, would be to give the complainants an advantage by their own wrong; an advantage which they ought not to enjoy, especially as they have taken no measures to obtain a conveyance, in the only manner in which it can now be obtained.

It is objected that, on payment of the money, the complainants are entitled to a conveyance clear of expense; this would be true if they were in no default. But if they were to file their bill now against the infants and obtain a conveyance by that means, the court would not oblige the infants to pay the costs, because neither they nor their father have been in any default. The complainants ought to have made the heirs parties to the bill, because the administrator had no power to convey, and perhaps had no means of compelling the heirs to convey. It is setting up against the administrator an objection applicable only to the heirs, and which they alone by the aid of the court, can remove; and unless they are made parties, the same objection must continue at least, until all the heirs come of age; and may be perpetual, unless the heirs should choose, after they come of age, to make the conveyance. The bill does not state that a conveyance was ever demanded of Young, in his lifetime, nor that he ever refused to convey. The answer

shows that the whole purchase-money became due a year before the death of Mr. Young, and that he pressed the complainants for payment, which they neglected, and it denies that a conveyance was ever demanded of him. The obstacles which his death have thrown in the way are the consequence of the neglect and default of the complainants, and it was incumbent upon them to seek to remove them. As neither the administrator nor his heirs have been guilty of default, and as the complainants have not requested the aid of this court to obtain a title, there is no equitable ground for continuing the injunction.

Injunction dissolved.